# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| POLLIS HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 19-287 |
| DARREL VANNOY, WARDEN | SECTION "G"(1) |

## ORDER AND REASONS

Before the Court are Petitioner Pollis Hernandez's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Also pending before the Court is Petitioner's "Motion for Default Judgment with Request for Immediate Release."[3] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[4] The Magistrate Judge recommended that this Court dismiss the petition with prejudice because it was not timely filed.[5] The Magistrate Judge also recommended that the Court deny Petitioner's "Motion for Default Judgment with Request for Immediate Release."[6] Petitioner objects to the Magistrate Judge's recommendation.[7] After reviewing the petition, the "Motion for Default Judgment with Request for Immediate Release," the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 12.

[3] Rec. Doc. 10.

[4] Rec. Doc. 1.

[5] Rec. Doc. 12.

[6] *Id.*

[7] Rec. Doc. 13.

1

overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, deny the "Motion for Default Judgment with Request for Immediate Release," and dismiss this action with prejudice.

## I. Background

### A. *Factual Background*

On May 1, 1997, a grand jury in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, charged petitioner by Indictment with second-degree murder.[8] On November 4, 1997, a jury found Petitioner guilty of second-degree murder as charged.[9] On November 17, 1997, the state trial court sentenced Petitioner to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[10] The Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence on May 19, 1999.[11] On November 12, 1999, the Louisiana Supreme Court denied Petitioner's related writ application.[12]

On August 6, 2003, Petitioner filed a "Motion to Vacate Conviction" with the state trial court.[13] That motion was denied on August 14, 2003.[14] On June 27, 2005, Petitioner filed a "Motion for Production of Documents" with the state trial court,[15] which was denied on July 5, 2005.[16] On April 27, 2007, Petitioner filed a "Petition for Writ of Mandamus" with the state trial

---

[8] State Rec., Vol. I of IX, Indictment, May 1, 1997.

[9] State Rec., Vol. III of IX, Minute Entry, Nov. 4, 1997.

[10] State Rec., Vol. III of IX, Minute Entry, Nov. 17, 1997.

[11] *State v. Hernandez*, 98-KA-448 (La. App. 5 Cir. 5/19/99); 735 So. 2d 888.

[12] *State v. Hernandez*, 99-KO-1688 (La. 11/12/99), 750 So. 2d 194.

[13] State Rec., Vol. I of IX, Motion to Vacate Conviction, Aug. 6, 2003.

[14] State Rec., Vol. I of IX, Order, Aug. 14, 2003.

[15] State Rec., Vol. I of IX, Motion for Production of Documents, June 27, 2005.

[16] State Rec., Vol. I of IX, Order, July 5, 2005.

court.[17] That petition was denied May 11, 2007.[18] On September 27, 2016, Petitioner filed a "Motion to Show Cause or Motion in Arrest of Judgment or State Habeas Corpus" with the state trial court,[19] which was denied on October 12, 2016.[20] Petitioner then filed a motion for reconsideration,[21] which was denied on November 4, 2016.[22] Petitioner's related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on January 3, 2017,[23] and by the Louisiana Supreme Court on September 14, 2018.[24] On December 3, 2018, the Louisiana Supreme Court also refused to consider Petitioner's application for reconsideration.[25]

On January 14, 2019, Petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[26] In the application, Petitioner argues that the state trial court lacked jurisdiction to hold a trial in this matter "because the State never had a legal, valid indictment returned by a legally validly constituted grand jury."[27] On April 22, 2019, the State filed a response asserting that the petition should be dismissed as untimely.[28] On April 29, 2019,

---

[17] State Rec., Vol. I of IX, Petition for Writ of Mandamus, Apr. 27, 2007.

[18] State Rec., Vol. I of IX, Order, May 11, 2007.

[19] State Rec., Vol. I of IX, Motion to Show Cause or Motion in Arrest of Judgment or State Habeas Corpus, Sept. 27, 2016.

[20] State Rec., Vol. I of IX, Order, Oct. 12, 2016.

[21] State Rec., Vol. I of IX, Motion for Reconsideration, Nov. 2, 2016.

[22] State Rec., Vol. I of IX, Order, Nov. 14, 2016.

[23] *Hernandez v. State*, No. 16-KH-711 (La. App. 5 Cir. 1/3/2017); State Rec. I of IX.

[24] *State ex rel. Hernandez v. State*, 17-KA-208 (La. 9/14/18); 252 So. 3d 465.

[25] *State ex rel. Hernandez v. State*, 17-KH-208 (La. 12/3/18); 257 So. 3d 190.

[26] Rec. Doc. 1.

[27] *Id.* at 5.

[28] Rec. Doc. 9.

Petitioner filed a "Motion for Default Judgment with Request for Immediate Release,"[29] and he filed a reply to the State's response on May 2, 2019.[30]

## B. Report and Recommendation Findings

On June 26, 2019, the Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[31] The Magistrate Judge noted that under Subsection A of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[32] The Magistrate Judge determined that Petitioner's conviction became final on February 10, 2000, ninety days after the Louisiana Supreme Court denied Petitioner's direct-review writ application.[33] As such, Petitioner was required to file his federal habeas corpus petition by February 12, 2001, unless the statute of limitations was extended through tolling.[34]

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[35] Petitioner had no such applications pending before the state courts at any time during the applicable federal

---

[29] Rec. Doc. 10.

[30] Rec. Doc. 11.

[31] Rec. Doc. 12 at 1.

[32] *Id*. at 3.

[33] *Id*. at 4.

[34] *Id.*

[35] *Id*. (quoting 28 U.S.C. § 2244(d)(2)).

4

one-year limitations period.[36] Therefore, the Magistrate Judge found that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).[37]

Next, the Magistrate Judge considered whether Petitioner was entitled to equitable tolling.[38] The Magistrate Judge noted that the Supreme Court has held that the AEDPA's statute of limitations may be equitably tolled where the Petitioner "shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."[39] The Magistrate Judge noted that Petitioner claimed that his federal application should be considered timely because he "just became aware of" the legal basis for his claim that his indictment was constitutionally infirm.[40] The Magistrate Judge found that "a prisoner's *pro se* status, lack of legal training, and mere ignorance of the law do not constitute rare and exceptional circumstances warranting equitable tolling."[41] The Magistrate Judge concluded that because Petitioner had not shown that any "extraordinary circumstance" had prevented him from filing his federal application within the one-year limitations period, he was not entitled to equitable tolling.[42]

---

[36] *Id*.

[37] *Id.*

[38] *Id.*

[39] *Id*. at 5 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[40] *Id.* (citing Rec. Doc. 1 at 13).

[41] *Id.* (citing *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Gonzales v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir. 2008).

[42] *Id*.

Finally, the Magistrate Judge considered whether Petitioner was able to overcome the AEDPA's statute of limitations by way of a claim of actual innocence.[43] The Magistrate Judge noted that a habeas petitioner could overcome a procedural bar to consideration of the merits of their claims by making a "convincing showing of actual innocence."[44] The Magistrate Judge observed that Petitioner was convicted of second-degree murder of his ex-wife, Donna Comardelle.[45] Louisiana law defines second-degree murder as "the killing of a human being . . . [w]hen the offender has a specific intent to kill or to inflict great bodily harm."[46] The Magistrate Judge noted that the evidence presented at trial showed that Petitioner "went to the victim's workplace and, in full view of her co-workers, opened a package, withdrew a gun, and shot her in the back. The force of the bullet spun her around and Ms. Comardelle fell to the ground on her back. [Petitioner] stood over her and shot her again, this time hitting her in the arm and breast."[47] The Magistrate Judge determined that because Petitioner presented no new evidence calling into question the validity of his conviction, he had not made a convincing claim of actual innocence and thus could not overcome the statute of limitations on those grounds.[48]

The Magistrate Judge determined that because Petitioner is not entitled to statutory tolling or equitable tolling, and because he failed to show that he was actually innocent, his federal application for habeas corpus relief had to be filed no later than February 12, 2001, in order to be

---

[43] *Id.*

[44] *Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

[45] *Id.* at 6.

[46] *Id.* (quoting La. Rev. Stat. § 14:30.1(A)(1)).

[47] *Id.* at 7 (quoting *Hernandez*, 735 So. 2d at 891).

[48] *Id.*

timely.[49] The Magistrate Judge concluded that Petitioner's application filed on January 14, 2019 is untimely, and recommended that the petition be dismissed with prejudice.[50] Additionally, the Magistrate Judge recommended that Petitioner's "Motion for Default Judgment with Request for Immediate Release" be denied.[51]

## II. Objections

*A      Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[52] First, Petitioner argues that the AEDPA's statute of limitations is unconstitutional.[53] Petitioner notes that the United States Constitution affords citizens the right to petition the government for redress of grievances and the right of access to the courts.[54] Petitioner avers that to the extent that the statute of limitations prescribed by the AEDPA now bars his habeas petition, it denies him the right to petition the government for redress and to access the courts.[55] Petitioner claims that the AEDPA is therefore unconstitutional for violating his fundamental rights, and he requests that the Court declare the AEDPA void and rule on the merits of his habeas petition.[56]

---

[49] *Id.* at 7–8.

[50] *Id.* at 8.

[51] *Id.*

[52] Rec. Doc. 13.

[53] *Id.* at 1.

[54] *Id.*

[55] *Id.* at 2.

[56] *Id.* at 3.

Second, Petitioner argues that he is entitled to equitable tolling.[57] Petitioner claims that the state trial court did not have jurisdiction over his case because the method used to empanel the grand jury that indicted him was later declared unconstitutional by the Louisiana Supreme Court.[58] Petitioner cites to *Harris v. United States*,[59] a case decided by the United States Court of Appeals for the Eleventh Circuit, to support his claim that a "jurisdictional defect can never be waived or forfeited or defaulted."[60] Petitioner notes that the state courts denied Petitioner relief on his jurisdictional claim.[61] He argues that this behavior amounts to "professional misconduct" so egregious that it creates an extraordinary circumstance warranting equitable tolling.[62]

Third, Petitioner contends that he is entitled to relief under state law because his custody is illegal.[63] Petitioner cites Article 362 of the Louisiana Code of Criminal Procedure, which provides that relief may be granted to a person being held in custody illegally or where the court has exceeded its jurisdiction.[64] Petitioner claims that the state trial court lacked jurisdiction over his case, and his custody is therefore illegal.[65] In conclusion, Petitioner requests that all state court officials involved with his conviction "be prosecuted for malfeasance."[66]

---

[57] *Id.*

[58] *Id.* at 4.

[59] 149 F.3d 1304 (11th Cir. 1998).

[60] Rec. Doc. 13 at 3–4.

[61] *Id.* at 4–5.

[62] *Id.* at 3, 6.

[63] *Id.* at 6.

[64] *Id.* at 7.

[65] *Id.*

[66] *Id.* at 9.

*B.     The State's Opposition*

Despite receiving electronic notice of the filing, the State of Louisiana did not file a brief in opposition to Petitioner's objection.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[67] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[68] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[69]

## IV. Law and Analysis

*A.     AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[67] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[68] Fed. R. Civ. P. 72(b)(3).

[69] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[70]

The Magistrate Judge applied the limitation period established by Subsection A. Petitioner does not object to this determination or argue that any other subsection should apply. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to application of other subsections.

B. *Timeliness Under Subsection A*

The Magistrate Judge found that the conviction became final on February 10, 2000, ninety days after the Louisiana Supreme Court denied Petitioner's direct-review writ application.[71] Petitioner does not object to this determination or argue that his conviction became final on any other date.[72] Accordingly, the Court reviews this issue for plain error.

Applying Subsection A, the United States Fifth Circuit Court of Appeal has explained that "[w]hen a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[73] On November 12, 1999, the Louisiana Supreme Court denied Petitioner's writ application on direct appeal.[74] Petitioner's conviction became final ninety days later, on February 10, 2000, when the time expired for filing an application for writ of certiorari with the United

---

[70] 28 U.S.C. § 2244(d)(1).

[71] Rec. Doc. 12 at 4.

[72] Rec. Doc. 13.

[73] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (internal citations omitted).

[74] *Hernandez*, 750 So. 2d at 194.

10

States Supreme Court. Accordingly, Petitioner had until February 12, 2001, to file his federal habeas petition unless he can establish entitlement to tolling.

### 1. Statutory Tolling

The Magistrate Judge found that Petitioner is not entitled to statutory tolling.[75] Petitioner does not object to this determination.[76] Accordingly, the Court reviews for plain error.

The AEDPA provides for statutory tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[77] The statute of limitations period began to run on February 10, 2000, and it ran without interruption until its expiration on February 12, 2001. Petitioner did not file a state application for post-conviction relief until August 6, 2003, which is after the one-year statute of limitations period had already expired. Therefore, that application and any subsequent applications do not afford him any tolling benefit. Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to statutory tolling.

### 2. Equitable Tolling

The Magistrate Judge found that Petitioner is not entitled to equitable tolling.[78] Petitioner objects to this determination.[79] Petitioner notes that the state courts denied Petitioner relief on his jurisdictional claim.[80] He argues that this behavior amounts to "professional misconduct" so

---

[75] Rec. Doc. 12 at 4.

[76] Rec. Doc. 13.

[77] 28 U.S.C. § 2255(d)(2).

[78] Rec. Doc. 12 at 5.

[79] Rec. Doc. 13.

[80] *Id.* at 4–5.

11

egregious that it creates an extraordinary circumstance warranting equitable tolling.[81] Accordingly, the Court reviews this issue *de novo.*

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may be subject to equitable tolling.[82] To establish entitlement to equitable tolling, a petitioner must show that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."[83] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[84]

Here, Petitioner argues that he is entitled to equitable tolling because the state courts' denials of Petitioner's applications for post-conviction relief constituted professional misconduct so egregious that it constituted an extraordinary circumstance.[85] In *Holland v. Florida*, the United States Supreme Court stated that "at least sometimes, professional misconduct . . . could [] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."[86] Petitioner rests his argument only on the fact that state courts denied his applications for post-conviction relief.[87] However, Petitioner advances no reasoning to support the claim that the denials

---

[81] *Id.* at 3, 6.

[82] *Holland*, 560 U.S. at 645.

[83] *Id.* at 649 (internal citations and quotation marks omitted).

[84] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[85] Rec. Doc. 13 at 3–4.

[86] *Holland v. Florida*, 560 U.S. 631, 651 (2010).

[87] Rec. Doc. 13 at 4.

were improper beyond the fact that his applications raised a jurisdictional claim.[88] Therefore, Petitioner has not shown that any extraordinary circumstance prevented him from filing his petition within the limitations period. Accordingly, on *de novo* review, the Court finds that Petitioner is not entitled to equitable tolling.

### 3. Actual Innocence

The Magistrate Judge found that Petitioner could not overcome the statute of limitations by making a "convincing claim of actual innocence under *McQuiggin v. Perkins*."[89] Petitioner does not object to this determination.[90] Accordingly, the Court reviews for plain error.

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[91] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[92] The Supreme Court has explained:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[93]

---

[88] *Id.*

[89] Rec. Doc. 12 at 5 (citing *McQuiggin*, 569 U.S. at 383).

[90] Rec. Doc. 13

[91] *McQuiggin*, 569 U.S. at 386.

[92] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[93] *Schlup*, 513 U.S. at 329.

Petitioner does not argue that he is actually innocent of the crime for which he was convicted, nor does he present any new evidence to establish his innocence.[94] Therefore, Petitioner has not established that the "actual innocence" exception is applicable here.

## C. *Constitutionality of the Statute of Limitations*

Petitioner claims that the AEDPA's statute of limitations is unconstitutional for denying him his right to petition the government for redress of grievances and his right to access the courts.[95]

Article One, Section 9, Clause 2 of the United States Constitution provides: "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." In *Molo v. Johnson*, the Fifth Circuit held that the "1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention."[96] Petitioner must therefore make a factual showing as to how the limitations period made the habeas remedy inadequate or ineffective.[97] Additionally, the Fifth Circuit has rejected the argument that the limitations period is unconstitutional because it prevents a petitioner from petitioning the Government for a redress of grievances.[98]

---

[94] Rec. Doc. 13.

[95] *Id.* at 1.

[96] 207 F.3d 773, 775 (5th Cir. 2000) (internal quotation marks and citations omitted).

[97] *Id.*

[98] *Boone v. United States*, 304 F. App'x 276 (5th Cir. 2008) ("Despite Boone's argument to the contrary, he is making a Suspension Clause argument. Boone's argument is unavailing.").

14

Here, Petitioner has not shown how the limitations period made the habeas remedy inadequate or ineffective, as he had ample opportunity to seek habeas relief. Accordingly, the Court finds that the petition is untimely and must be dismissed with prejudice.

### D. *Motion for Default Judgment*

Finally, Petitioner filed a motion requesting that the Court issue a default judgment against the State for "not filing any arguments to [his] habeas petition."[99] The State filed a timely response to the habeas petition and was never in default.[100] Additionally, the Fifth Circuit has recognized that "[d]efault judgments are not appropriate in habeas corpus cases. A habeas petitioner is not entitled to release because of the state's tardiness in responding to the petition."[101] Accordingly, the Court denies Petitioner's "Motion for Default Judgment with Request for Immediate Release."[102]

## V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Additionally, Petitioner is not entitled to a default judgment. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Pollis Hernandez's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

---

[99] Rec. Doc. 10 at 1.

[100] Rec. Doc. 9.

[101] *Lemons v. Collins*, 992 F.2d 326, 1993 WL 152278, at *1 (5th Cir. Mar. 9, 1993) (internal citations omitted).

[102] Rec. Doc. 10.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Default Judgment with Request for Immediate Release"[103] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 4th day of November, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[103] Rec. Doc. 10.